Casey, Cb. J.,
delivered tbe opinion of tbe court:
Since tbis cause bas been decided, and since tbe allowance of tbe appeal to tbe Supreme Court of tbe United States, a motion bas been made to open tbe judgment and grant a new trial upon newly discovered evidence, wbicb consists of—
“ First, in a bond executed by Charles C. Sims, as principal, and Asber Ayres and William B. Carbart, as sureties, running to tbe Confederate States of America, in tbe penalty of $20,000, dated tbe 5tb day of September, 1863, and reciting that tbe said Sims bas been appointed to the office of assistant quartermaster, and conditioned for tbe faithful discharge of tbe duties of said office by tbe said Sims, in accounting for and paying over all money, property, &e., to wbicb is appended an affidavit by said Ayres and Carhart, verifying their signatures, and justifying as to property.
“Also an article of agreement dated tbe day of , 1862, between Asher Ayres, of tbe one part, and Captain Bichard M. Cuyler, on behalf of tbe Confederate States of America, of tbe other part, duly signed by the respective parties aforesaid; in and by wbicb it is covenanted and agreed that, for and in consideration of tbe sum of $1,400, said Ayres agrees to lay all tbe bricks required for two furnaces, chimney, core-oven, and wall attached to said furnaces, in tbe Macon Arsenal, and to furnish all mortar and sand necessary to complete tbe work, in tbe opinion of tbe engineer in charge of said work.”
What purport to be tbe original bond and contract are produced, but none of tbe subscribing witnesses are called to prove *714 the execution of the papers. In lieu thereof the special counsel for the United States makes affidavit as follows:
u This deponent believes and hasno doubtthat the signatures to said bond, affidavit, and article of agreement are the genuine signatures of the said Asher Ayres, claimant, and that he will be able so to prove the same; and that the said Charles C. Sims served as such assistant quartermaster in the army of the Confederate States of America, so called, in carrying on war against the United States, under and by means of the said official bond above named.”
On the hearing of the motion for a new trial, the claimant’s counsel objected to the competency and sufficiency of the evidence offered to sustain it, because the bond and contract offered contained subscribing witnesses, who had not been called to prove their execution, nor any legal excuse given for admitting them, upon other proof of execution. Nor was the execution proved in any way by any competent testimony.
A majority of the court think that for the purposes' of this motion the proof is sufficient. It is of the kind and character admitted by courts on hearing of motions for a new trial. And in the absence of any affidavit or proof by the claimant denying the execution or impeaching the instruments as genuine, we must hold the testimony presented as making out a grima, facie case.
The case is not substantially different from that already decided by the court in the case of Tait for Browning v. The United States, (ante.) There we held proof of this kind sufficient. And also, that similar acts alleged in that cáse entitled the United States to a new trial under the provisions of the statute. We. think, too, here that the facts are grima facie made out by the papers and affidavits presented; and that they are such as entitle the United States to a rehearing of the case.
A new trial is awarded.